| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>In re:<br><br>PPS 9201 LLC,<br><br><br>-------------------------------------------------------------x | Hearing Date and Time:<br>**July 3, 2025 at 10:30 a.m.**<br><br>Chapter 11<br><br>Case No. 25-42382-ESS<br><br>Debtor. |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that upon the motion annexed hereto, Signature Lien Acquisitions III LLC will move at a hearing to be held in person before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800 on **July 3, 2025 at 10:30 a.m.** seeking entry of an Order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that those intending to appear at the Hearing must register with eCourt Appearances no later than two days prior to the Hearing. The phone number or video link for the Hearing will be emailed only to those that register with eCourt Appearances in advance of the Hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.  In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to proposed relief must be filed in writing with the Court through its ECF system at least **seven (7) days prior to the said hearing date**.

Dated: New York, New York
       June 13, 2025

                                               Goldberg Weprin Finkel Goldstein LLP
                                               *Counsel for the Debtors*
                                               125 Park Avenue, 12th Floor
                                               New York, NY 10017
                                               (212) 221-5700
                                               knash@gwfglaw.com

                                   By:    /s/ *Kevin J. Nash, Esq.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                                    Chapter 11

PPS 9201 LLC,                                                                      Case No. 25-42382 (ESS)

                              Debtor.
------------------------------------------------------------------------x

**MOTION OF SIGNATURE LIEN ACQUISITIONS III LLC
FOR AN ORDER CONVERTING THE DEBTOR'S
<u>CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7</u>**

**TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE**

      Signature Lien Acquisitions III LLC (the "<u>Landlord</u>") as and for its motion seeking an Order, pursuant to sections 105(a) and 1112(b) of Title 11 of the United States Code ("<u>Bankruptcy Code</u>") and Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), converting PPS 9201 LLC d/b/a Park Pro's (the "<u>Debtor</u>") bankruptcy case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code. For the reasons set forth below, the motion should be granted.

<u>**Preliminary Statement**</u>

      1.     The Debtor's sole asset consists of its hopelessly delinquent parking garage lease, dated May 24, 2021 (the "<u>Lease</u>"), covering a portion of the Landlord's real property located at 9201 4th Avenue, Brooklyn, New York (the "<u>Property</u>"). The Chapter 11 case is utterly remarkable in the sense that the Debtor has operated for more than four years without paying any rent other than a mere $50,000. At this juncture, the Landlord is owed over $1.3 million in delinquent rent arrears and is the Debtor's largest (and likely only) creditor.

      2.     The nonpayment of rent has been the subject of pending litigation in connection with the Chapter 11 proceedings of the prior fee owner, SPL Partners LLC ("<u>SPL</u>") (Case No.

21-42248-ESS). The Landlord, was the plan funder in the SPL Chapter 11 and acquired the Property, with all rights to sue tenants for unpaid rents, pursuant to the terms of the SPL Debtor's confirmed plan of reorganization [ECF No. 164] (the "Plan").

3.      Now, after years of defaults and nonperformance, and on the eve of being subject to summary judgment, the Debtor filed its own Chapter 11 case, listing only one known debt, to wit, the Landlord's, and no assets. Many of the required filings, including a Statement of Financial Affairs and small business filings (balance sheet, cash flow statement, statement of operations, tax returns, etc.) are conspicuously missing. Far from representing a good faith effort to reorganize, the filing appears to be a continuation of the Debtor's longstanding bad faith strategy of delay and obstruction in order to retain possession of the premises without payment.[1] The Debtor lacks any prospect of rehabilitation and has no apparent means to fund a reorganization or even meet basic post-petition obligations, including post-petition rent, which is also due.

4.      Accordingly, the Landlord seeks the conversion of this Chapter 11 case to a case under Chapter 7 pursuant to 11 U.S.C. § 1112(b) to end the gamesmanship. The Debtor's continued operation in Chapter 11 serves no legitimate bankruptcy purpose, as the Debtor is unable to cure the more than $1.3 million in rent arrears, and is simply being used as a litigation tactic to frustrate enforcement of the Landlord's rights. Conversion will prevent abuse of the bankruptcy process and allow for an impartial trustee to take control of the Debtor's affairs.

---

[1] Indeed, there seems to be a common theme of nonpayment of rent and opportunistic Chapter 11 filings among the Debtor and at least one other affiliate, PPS 77 LLC, which filed for Chapter 11 in the Southern District of New York (Case No. 25-10550) as a repeat filer on March 25, 2025, as detailed in Brovha Capital LLC's and Route 97 LLC's motion to life the automatic stay [ECF No. 6].

**Relevant Factual Background**

5.      Under the terms of the Lease, the Debtor is obligated to pay the following fixed base rent:

| Year | Rent Per Annum | Rent Per Month |
| --- | --- | --- |
| July 1, 2021 – June 30, 2022 | $300,000.00 | $25,000.00 |
| July 1, 2022 – June 30, 2023 | $307,500.00 | $25,625.00 |
| July 1, 2023 – June 30, 2024 | $315,187.50 | $26,265.63 |
| July 1, 2024 – June 30, 2025 | $323,067.18 | $26,922.27 |

6.      To date, no rent has been paid by the Debtor at all, except for two minimal payments made on or about July 1, 2021 and August 1, 2021 in the total sum of $50,000. As a result of perpetual delinquencies, substantial arrears have accrued. As of May 1, 2025, there is a total balance of at least $1,363,735.23 due and owing in unpaid rent and real estate taxes, though the Debtor scheduled the Landlord's claim in the total sum of $585,000. [ECF No. 1 at 16].

7.      Following confirmation of the SPL's debtor's Plan, the Landlord, acting under its rights pursuant to the Plan, commenced an adversary proceeding against various non-paying tenants, including the Debtor, pending under Adv. Proc. No. 23-01078-ESS. To date, all unpaid rent claims concerning the Property involving other tenants have been resolved, except for the Landlord's remaining claims against the Debtor and its guarantor, Eric S. Brown.

8. On August 7, 2024, the Landlord moved for summary judgment on its claims against the Debtor. A continued pre-trial conference is scheduled for July 3. On May 13, the undersigned submitted a letter [ECF No. 70] regarding the status of settlement negotiations, which were undertaken at this Court's directive at a hearing on May 1. As indicated in the letter, negotiations are at a stand-still despite the Landlord making a best and final proposal to resolve all issues. The Landlord had requested that the Court rule upon the summary judgment motion, which is now stayed due to the Debtor's filing.

## Legal Argument

### I. CAUSE EXISTS TO CONVERT THIS CASE FROM CHAPTER 11 TO CHAPTER 7 PURSUANT TO SECTION 1112(B)(1)

9. Section 1112(b)(1) of the Bankruptcy Code provides:

> [O]n request of a party in interest, and after notice and a hearing . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

11 U.S.C. § 1112(b)(1). Conversion or dismissal is mandatory unless the Court finds there are specifically identified unusual circumstances that establish conversion or dismissal is not in the best interests of creditors and the estate and there is a reasonable likelihood that a plan will be confirmed within the statutory timeframes. *See* 11 U.S.C. § 1112(b)(2).

10. Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of sixteen "causes" for dismissal or conversion. 11 U.S.C. § 1112(b)(4)(A)–(P); *see C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.)*, 113 F.3d 1304, 1310–11 (2d Cir. 1997) (noting that the list of causes in section 1112(b) is "illustrative, not exhaustive"). Under section 1112(b)(4), "cause" includes, *inter alia*, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation and the "unexcused failure to

satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter . . . ." 11 U.S.C. § 1112(b)(4)(A), (F)

11. Establishing the existence of any one of the enumerated grounds for conversion or dismissal under section 1112(b)(4) of the Bankruptcy Code is sufficient to grant relief under section 1112(b)(1) of the Bankruptcy Code. *See Jenkins v. Harrington (In re Jenkins)*, No. 17-CV-5819 (PKC) 2018 U.S. Dist. LEXIS 78452, at *4 (E.D.N.Y. May 9, 2018) (once cause for conversion is shown, the Bankruptcy Court has broad discretion to either convert or dismiss the Chapter 11 case). If cause is established, "conversion or dismissal is mandatory unless the court determines that unusual circumstances exist so that these remedies are not in the best interests of creditors and the estate." *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011). The Court has broad discretion in determining whether cause exists for conversion or dismissal. *See In re Red Bull Taxi Inc.*, No. 16-13153 (MKV), 2017 Bankr. LEXIS 1209, at *5 (Bankr. S.D.N.Y. May 3, 2017).

12. In this case, cause unquestionably exists to convert this case to Chapter 7 and the Landlord believes that conversion is in the best interests of the estate and its creditors.

    **A.**    **Cause Exists Under Section 1112(b)(4)(A) of the Bankruptcy Code Because of the Continuing Diminution of the Estate and the Absence of a Reasonable Likelihood of Rehabilitation**

13. In establishing cause under section 1112(b)(4)(A) of the Bankruptcy Code, a Court must "first determine whether the estate is suffering substantial or continuing losses or diminution, before also deciding whether there is a reasonable likelihood of rehabilitation." *In re 347 Linden L.L.C. (KAM)*, No. 11-CV-2202 (KAM), 2011 U.S. Dist. LEXIS 78843, at *15 (E.D.N.Y. July 20, 2011) (internal quotations, alterations and citation omitted). To show continuing loss or diminution of assets of the estate, "[a]ll that need be found is that the estate is suffering some diminution in value." *In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1988).

14. It is incontrovertible here that the diminution to the estate is ongoing and significant to the tune of more than $28,000 a month in accruing rent obligations and real estate taxes. The Debtor must begin paying these post-petition obligations as soon as July 15. Given the Debtor's history of payments made, however, it is nothing short of a certainty that the Debtor will not perform under the Lease while in bankruptcy. The Landlord submits that the first prong of section 1112(b)(4)(A) is met here.

15. The second prong of section 1112(b)(4)(A) requires an "absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). "In this context, rehabilitation means to put back in good condition and reestablish on a sound basis . . . It signifies that the debtor will be reestablished on a secured financial basis, which implies establishing a cash flow from which its current obligations can be met." *In re AdBrite Corp.*, 290 B.R. 215, 216 (citations omitted). *See also Taub v. Taub (In re Taub)*, 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010).

16. There can be no reasonable likelihood of rehabilitation here given the significant arrears under the Lease, which is the Debtor's primary asset. In order to rehabilitate its business, the Debtor would necessarily have to assume the Lease in bankruptcy. Assuming the Lease, however, would require the Debtor cure arrears in upwards of $1.3 million. There has been no indication in this case as to whether the Debtor has the means to cure the arrears. And without the Lease, there is no business. Thus, the Landlord submits that, on the record, the Court must find there is no reasonable likelihood of rehabilitation.

    **B.**    **Cause Exists Under Section 1112(b)(4)(F) of the Bankruptcy Code Because of the Numerous Deficiencies in the Chapter 11 Case**

17. As of the filing of the Debtor's petition, there existed numerous deficiencies, which the Debtor has failed to cure, including the filing of: (i) a corporate disclosure statement; (ii) small business balance sheet; (iii) small business cash flow statement; (iv) small business

statement of operations; (v) small business tax return; and (vi) a statement of financial affairs. [ECF No. 3]. These filings were due on May 23 or May 30. To date, none of the aforementioned deficiencies have been cured.

18. Thus, the Landlord submits that cause to convert the case to one under Chapter 7 also exists under Section 1112(b)(4)(F) of the Bankruptcy Code.

## II. CONVERSION IS IN THE BEST INTERESTS OF CREDITORS AND THE ESTATE

19. Under section 1112(b) of the Bankruptcy Code, once cause is established (as it has been here), the Court, in its discretion, must determine which of dismissal of the case or conversion of the case is in "the best interests of creditors." 11 U.S.C. § 1112(b); *In re Hampton Hotel Invs., L.P.*, 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001).

20. The Landlord submits that, given the contentious history between the parties, complete lack of rent payments since 2021, and the Debtor's unwillingness to respond to good faith settlement discussions, conversion, rather than dismissal, is in the best interests of the Debtor's creditors and the estate. If the case is dismissed, the Landlord is concerned that the Debtor will continue to occupy the Property without paying rent, further obstructing and delaying the enforcement of the Landlord's rights under the Lease. It is time for an independent fiduciary to step in.

21. For these reasons, conversion of the Debtor's case to Chapter 7 is warranted.

WHEREFORE, for the foregoing reasons, the Landlord respectfully requests that the Court convert this Chapter 11 case to a case under Chapter 7, and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 13, 2025

**GOLDBERG WEPRIN**
**FINKEL GOLDSTEIN LLP**
*Attorneys for Signature Lien*
*Acquisitions III LLC*

*/s/ Kevin J. Nash*
By:    Kevin J. Nash, Esq.
125 Park Avenue – 12th Floor
New York, New York 10017
(212) 221-5700
knash@gwfglaw.com