| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------x<br>In re:<br><br>PPS 9201 LLC,<br><br>                                    Debtor.<br>------------------------------------------------------------------------x | Hearing Date and Time:<br>August 1, 2025 at 10:30 a.m.<br><br>Chapter 11<br><br>Case No. 25-42382 (ESS) |

**SUPPLEMENTAL STATEMENT IN FURTHER SUPPORT OF
MOTION OF SIGNATURE LIEN ACQUISITIONS III LLC
FOR AN ORDER CONVERTING THE DEBTOR'S
<u>CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7</u>**

**TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE**

Signature Lien Acquisitions III LLC (the "<u>Landlord</u>") as and for its supplemental statement in further support of its motion [ECF No. 10] (the "<u>Motion</u>") seeking an Order, pursuant to 11 U.S.C. Sections 105(a) and 1112(b) converting PPS 9201 LLC d/b/a Park Pro's (the "<u>Debtor</u>") bankruptcy case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code, respectfully states and alleges as follows:

1.      Despite repeated protestations of good faith, the Debtor has continued its long standing history of non-compliance with its obligations to pay rent and its duties as a Chapter 11 debtor-in-possession.

2.      As the Landlord has previously advised the Court, the Debtor has failed to pay rent under the Lease[1] for more than four years without paying any rent other than a mere $50,000. As of the Chapter 11 filing, the Landlord was owed over $1.3 million in delinquent rent arrears and is the Debtor's largest (and likely only) creditor.

---

[1] All capitalized terms shall have the same meaning as in the Motion without being re-defined herein.

3. Pursuant to Section 365(d)(3), the Debtor is required to keep current on its post-petition rent pending assumption or rejection, subject to a 60-day grace period which may be granted for cause shown. No request was made for an extension of the performance date, and certainly the Debtor's meager filings have not established any cause for an extension. The rent for May and June is $26,922.27 per month, with an increase to $27,595.32 per month starting on July 1, 2025. The Debtor also owes late fees and real estate taxes.

4. To date, the only post-petition payment received from the Debtor was a check dated July 17, 2025 in the amount of $27,595.32. Of note, the check was drawn on the Debtor's pre-petition bank account and not on a debtor-in-possession account. By letter dated July 21, 2025, a copy of which is annexed hereto as Exhibit "A", the undersigned counsel for the Landlord, advised that the check was insufficient, in that it failed to include stub rent, real estate taxes or late fees for May, rent, taxes and late fees for June, and taxes and late fees for July, as shown below:

|  | May | June | July | Total |
| --- | --- | --- | --- | --- |
| Rent | $13,461.14 | $26,922.27 | $0.00 | $40,383.41 |
| Real estate taxes | $678.82 | $1,357.64 | $1,357.64 | $3,394.10 |
| Late Charges | $1,414.00 | $2,827.99 | $3,895.30 | $8,137.29 |
| Total | $15,553.96 | $31,107.90 | $5,252.94 | $51,914.80 |

5. No response has been received to the July 21 letter. In addition to the $51,914.80 currently due, additional charges for rent and real estate taxes in excess of $28,800 will become due on August 1, 2025, with late fees to follow on August 6.

6. As of the filing of the Motion on June 13, 2025, we noted numerous non-monetary deficiencies, including the filing of (i) a corporate disclosure statement; (ii) small business balance sheet; (iii) small business cash flow statement; (iv) small business statement of operations; (v) small business tax return; and (vi) a statement of financial affairs. [ECF No. 3].

Additionally, the Debtor has not filed proof of the opening of a DIP account or proof of insurance. To date, the Debtor has cured only the missing statement of financial affairs and filed a late initial operating report for May. Further, the Debtor failed to file the June operating report which was due on July 21, 2025.

7.  In fact, the only substantive filing by the Debtor is its response to the Landlord's Motion, in which the Debtor promises that it "is in the process" of curing its deficiencies without any evidence of an actual cure of any of the deficiencies. Thus, the Landlord submits that cause to convert the case to one under Chapter 7.

WHEREFORE, for the foregoing reasons, the Landlord respectfully requests that the Court convert this Chapter 11 case to a case under Chapter 7.

Dated: New York, New York
July 29, 2025

**GOLDBERG WEPRIN**
**FINKEL GOLDSTEIN LLP**
*Attorneys for Signature Lien*
*Acquisitions III LLC*

By: /s/ J. Ted Donovan, Esq.
125 Park Avenue – 12th Floor
New York, New York 10017
(212) 221-5700
tdonovan@gwfglaw.com