UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                          Chapter 11

PPS 9201 LLC,                                                   Case No. 25-42382 (ESS)

                                    Debtor.
------------------------------------------------------------------------x

### STATEMENT OF DEFAULT AND REQUEST FOR ENTRY OF AN ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7

**TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:**

Signature Lien Acquisitions III LLC (the "Landlord"), by its counsel, Goldberg Weprin Finkel Goldstein LLP, as and for its Statement of Default and request for the entry of an Order pursuant to 11 U.S.C. Sections 105(a) and 1112(b) converting PPS 9201 LLC d/b/a Park Pro's (the "Debtor") bankruptcy case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code, respectfully states and alleges as follows:

1.  As the saying goes, the past is prologue. Continuing its complete disregard for all of its pre-petition obligations under its lease with the Landlord, the Debtor has now defaulted on its promises to become current on its post-petition rent obligation that were made to the Court at the August 1, 2025 hearing on the Landlord's motion to convert.

2.  Indeed, at that hearing, the Debtor made a big point that it was tendering a check in the amount of $27,595.32 covering one month's post-petition rent to counsel for the Landlord right in the Courtroom. In light of that tender, the Court directing the Landlord to accept an installment plan, under which the Debtor agreed to make additional payments of a wire transfer in the amount of $27,595.32 no later than August 4, 2025, together with a final catch-up payment of $50,593.37 no later than August 15, 2025. These promises were memorialized in an August

4, 2025 letter from counsel for the Landlord to the Court, filed as ECF No. 23. On the basis of these commitments, the Court deferred granting the motion on the condition of the Debtor's full compliance with its commitments.

3. The Debtor has now flouted the Court's good will in affording the Debtor one last chance. The Debtor has not only disregarded its obligation to make the second and third installment payments, but the check tendered at the August 1 hearing has been returned by the bank due to insufficient funds.

4. Thus, in addition to failing to make all but the first two payments under the lease since July 2021, leaving a pre-petition claim of $1,363,735.23, the Debtor remains in complete default of its post-petition rent obligations.

5. Accordingly and in accordance with the Court's rulings on August 1, 2025, the Landlord is submitting the attached proposed Order of Conversion for immediate consideration and entry.

WHEREFORE, for the foregoing reasons, the Landlord respectfully requests that the Court enter the annexed proposed Order converting this Chapter 11 case to a case under Chapter 7.

Dated: New York, New York
August 15, 2025

**GOLDBERG WEPRIN**
**FINKEL GOLDSTEIN LLP**
*Attorneys for Signature Lien*
*Acquisitions III LLC*

By:   /s/ J. Ted Donovan, Esq.
125 Park Avenue – 12th Floor
New York, New York 10017
(212) 221-5700